# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

No. 24-10195
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Filemon Corona-Galindo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-287-1

_____

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:*

Filemon Corona-Galindo appeals his conviction and sentence for illegal reentry into the United States after having been previously removed in violation of 8 U.S.C. § 1326(a) and (b)(1). He renews his preserved argument that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. His 36-month term of imprisonment exceeds the maximum in § 1326(a), and his two-year term of supervised release is only authorized by § 1326(b), by virtue of 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

Corona-Galindo acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. The Government has moved, without opposition, for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Corona-Galindo is thus correct that his argument is foreclosed. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.